# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PAULA GONZALEZ, | Case No. 2:16-cv-00196-APG-VCF |
| Plaintiff, | **ORDER REMANDING CASE TO STATE COURT** |
| v. | (Dkt. #6) |
| DELBERT ADAMS; GODFREY TRUCKING, INC.; DOES I through V, inclusive; and ROE BUSINESS ENTITIES I through V, inclusive | |
| Defendants. | |

Defendant Godfrey Trucking removed this case to federal court on February 1, 2016. In its Petition for Removal, Godfrey nakedly states that the amount in controversy exceeds $75,000. (Dkt. #1 at 2:14-22.) Plaintiff Paula Gonzalez moves to remand this case to state court because her medical bills are approximately $16,479.03, and she concedes that "she would likely not recover more than $75,000 in this case." (Dkt. #6 at 3:17-4:1.) I agree with the plaintiff and therefore remand this case to state court.

**ANALYSIS**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Res.*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Thus, courts "strictly construe the removal statute against removal jurisdiction." *Gaus*, 980 F.2d at 566. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* Remand is required if the court lacks

subject matter jurisdiction. 28 U.S.C. §1447(c); *see also Aguon-Schulte v. Guam Election Comm'n,* 469 F.3d 1236, 1240 (9th Cir. 2006) ("remand may be ordered either for lack of subject matter jurisdiction or for 'any defect' in the removal procedure").

"[I]n cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Broad allegations that the jurisdictional amount is met, "although attempting to recite some 'magical incantation,' neither overcome[ ] the 'strong presumption' against removal jurisdiction, nor satisf[y][the defendant]'s burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds" $75,000. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006) (emphasis omitted) (quoting *Gaus*, 980 F.2d at 567); *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("[R]emoval cannot be based simply upon conclusory allegations where the ad damnum is silent.") (internal quotations and citation omitted).

"Where a complaint is unclear as to the total amount of damages sought, but alleges only upper or lower limits or types of damages, a district court is free in its preponderance-of-the-evidence analysis to make estimations of the amount of damages that could be obtained consistent with the vague wording of the complaint." *Elliker v. Contractors Bonding & Ins. Co.*, 3:12-CV-00438-RCJ-WGC, 2013 WL 757621, at *1 (D. Nev. Feb. 27, 2013) (*citing Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700–01 (9th Cir. 2007)). In making such analyses, district courts can make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable," and "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-1062 (11th Cir. 2010) (internal quotations omitted); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 679

(2009) ("Determining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense").

Here, there is more than considerable doubt that the amount in controversy exceeds this court's jurisdictional threshold. Godfrey primarily relies on Gonzalez's initial settlement demand of $83,000. (Dkt. #8 at 5:5-6.) "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Unlike in *Cohn*, Gonzalez admits that her demand was inflated for purposes of settlement negotiations, and that "she would likely not recover more than $75,000 in this case." (Dkt. #6 at 3:17-4:1; Dkt. #9 at 3:1-16.) Her medical bills total approximately $16,479.03 and she is not seeking punitive damages. (Dkt. #6 at 3:17-4:1.)

Based on my judicial, legal, and practical experience and common sense, I find it highly unlikely that the amount in controversy exceeds $75,000. In addition to awarding full recovery of her medical bills, a jury would have to award additional damages in excess of $58,000. The underlying allegations do not suggest such an award. Thus, Godfrey Trucking has not met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Roe*, 613 F.3d at 1061-1062; *Iqbal,* 556 U.S. at 679. Consequently, I remand this action to state court.

**CONCLUSION**

IT IS THEREFORE ORDERED the plaintiff's motion **(Dkt. #6) is GRANTED** and this case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

Dated: March 21, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE